UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

        v.                        CAUSE NO. 3:25-CV-836-GSL-JEM

VASES, J. DOE,

    Defendants.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett filed a complaint pursuant to the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA") at some unspecified time. After Baggett's PREA complaint was filed, he was moved to a different housing unit. Following the move, on March 31, 2025, or April 1, 2025, Baggett was taking a shower. Officer Vases[1] yelled at Baggett and

---

[1] Baggett spells this defendant's name as both Vases and Vasas in his complaint. This order uses the spelling that Baggett used in the caption of his complaint.

threatened to shoot him in the face with mace. Vases ordered Baggett to get out of the shower. When Baggett asked why, Vases responded by indicating that he did not talk with sex offenders. Vases aimed his mace at Baggett. Another unidentified officer aimed a Taser at Baggett. Baggett contends that this amounts to retaliation.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Id*. (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Here, it is unclear when Baggett filed a PREA complaint, who that complaint was filed against, whether these officers knew about the PREA complaint, or why Baggett thinks the PREA complaint he filed when he was in a different housing unit had anything to do with the decision to order him out of the shower or threaten him with mace or a taser. Therefore, he has not alleged facts from which it can be plausibly inferred that either Vases or the unidentified officer that aimed a Taser at Baggett were retaliating against him in violation of the First Amendment.

Baggett also indicates that Vases, along with other correctional officers, denied him a sleeping mat for eight days when he arrived in the unit. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged

2

deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Baggett does not provide a specific date when this occurred, other than indicating that this occurred during winter. He does not indicate how he requested a sleeping mat or what interactions he had with Vases about the sleeping mat that caused Baggett to believe Vases was responsible for the delay in providing him with a sleeping mat. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Baggett has not pled facts from which it can be plausibly inferred that Vases was deliberately indifferent to his conditions of confinement.

Baggett's complaint is short on facts, dates, and specifics. Based on what it does say, it is not plausible to infer that either Vases or the unnamed defendant violated his constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

     This complaint does not state a claim for which relief can be granted. If Baggett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

4

For these reasons, the court:

(1) GRANTS Delashun Baggett until **December 18, 2025**, to file an amended complaint; and

(2) CAUTIONS Delashun Baggett that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 14, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT