UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-836-GSL-JEM |
| VASES, J. DOE, | |
| Defendants. | |

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a complaint that did not state a claim. ECF 1. He was granted an opportunity to file an amended complaint, and he filed his amended complaint on November 14, 2025. ECF 4; ECF 5. He filed a second copy of his amended complaint on December 26, 2025.[1] ECF 7.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Filing multiple copies of the same document is not helpful to the court or Baggett. It is a waste this court's of legal resources, which are in limited supply. He must file only one copy of each document.

Baggett's complaint is somewhat confusing, but he indicates that he filed a complaint pursuant to the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 ("PREA") after he was sexually assaulted on March 6, 2025. On March 15, 2025, he was moved to a different housing unit. He did not have a bed or coat from March 15, 2025, through March 20, 2025. During that time, he says he asked both Vases and Walters for a bed and coat, but his requests were denied.

On April 1, 2025, Baggett was taking a shower when Vases screamed that he doesn't talk to sex offenders.[2] Vases allegedly forced Baggett out of the shower by aiming his Taser at Baggett. On April 2, 2025, Wolters allegedly yelled and pointed an unidentified weapon at Baggett for no reason. He also called Baggett a sex offender.

Baggett speculates that these things were done in retaliation for reporting a PREA violation. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Id*. (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

---

[2] The amended complaint does not provide any context for this comment. Baggett's earlier complaint alleged that Vases ordered Baggett to get out of the shower. When Baggett asked why, Vases responded by indicating that he did not talk with sex offenders.

This court's earlier screening order noted that it was unclear from the complaint when Baggett filed a PREA complaint, who that complaint was filed against, whether these officers knew about the PREA complaint, or why Baggett thinks the PREA complaint he filed when he was in a different housing unit had anything to do with the decision to order him out of the shower or threaten him with mace[3] or a Taser. Baggett's amended complaint makes it clear that the PREA complaint was filed sometime after the March 6, 2025, sexual assault and before his transfer on March 15, 2025. But, the amended complaint still does not indicate whom the complaint was filed against, whether the defendants knew about the PREA complaint, or why Baggett thinks the PREA complaint filed in a different housing unit has anything to do with the defendants actions he complains of here. Therefore, he has not plausibly alleged that filing his PREA complaint was a motivating factor in the defendants' actions and he may not proceed on a First Amendment retaliation claim.

Baggett also indicates that Vases and Wolters violated his rights by denying him a bed sometime between March 15, 2025, and March 20, 2025. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v.*

---

[3] The amended complaint omits any mention of mace or pepper spray.

*Chapman*, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Baggett indicates that he went five days without a bed and that, at some unspecified point during that time, he asked both Vases and Wolters for a bed. He does not, however, indicate which day or days he made this request. He does not describe how he communicated his requests to Vases and Wolters or what interactions he had with them about obtaining a bed that would cause Baggett to believe that Vases and Wolter were responsible for the delay in providing him with a bed. He alleges only that after both verbal and written requests, a lieutenant obtained a bed for him on March 20, 2025. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Baggett has not pled facts from which it can be plausibly inferred that Vases or Wolter were deliberately indifferent to his conditions of confinement.

Baggett also takes issue with the defendants' labeling him as a sex offender. While this may be offensive to Baggett, mere verbal harassment does not state a constitutional claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447 (7th Cir., Jan. 7, 2020) (rude language or verbal harassment by prison staff "while unprofessional and

4

deplorable, does not violate the Constitution."). Such labels can increase the risk of harm to an inmate, but mere fear of an attack that does not occur does not state a claim for failure to protect. See *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)). Baggett does not allege that these comments led to an attack by inmates, therefore, he cannot proceed on a failure to protect claim.

Baggett's amended complaint, like his earlier complaint, is short on facts, dates, and specifics. Based on what it does say, it cannot be plausibly inferred that either Vases or Wolter violated his constitutional rights. The court has already granted Baggett one opportunity to amend the complaint, and the amendment did not address the deficiencies highlighted in the court's order. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on January 9, 2026

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT